Form 3015-1 - Chapter 13 Plan

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA FOURTH DIVISION**

**CHAPTER 13 PLAN**

In re:
STEVEN W MUELLER

Dated:

DEBTOR    Case No.

*In a joint case,*
*debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE —**
   a. As of the date of this plan, the debtor has paid the trustee $ 0.00 .
   b. After the date of this plan, the debtor will pay the trustee $ 237.00 * per Month for 60 months, beginning within 30 days after the order for relief for a total of $ 16,620.00 . The minimum plan payment length is X 36 or ___ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee **See #13**
   d. The debtor will pay the trustee a total of $ 16,620.00 [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE —** The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ 1,662.00 , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] —** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | *Creditor* | *Monthly Payment* | *Number of Months* | *Total Payments* |
   |---|---|---|---|
   | -NONE- | $ | $ | |
   | a. TOTAL | | | $ 0.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] —** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | *Creditor* | *Description of Property* |
   |---|---|
   | -NONE- | |

5. **CLAIMS NOT IN DEFAULT —** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | | *Creditor* | *Description of Property* |
   |---|---|---|
   | a. | FIRST NATIONAL BANK | HOMESTEAD |
   | b. | MERCHANTS BANK | HOMESTEAD |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] —** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

   | *Creditor* | *Amount of Default* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
   |---|---|---|---|---|---|
   | -NONE- | $ | $ | | | $ |
   | a. TOTAL | | | | | $ 0.00 |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ] —** The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

   | *Creditor* | *Amount of Default* | *Int. rate (if applicable)* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
   |---|---|---|---|---|---|---|
   | -NONE- | $ | $ | | | | $ |
   | a. TOTAL | | | | | | $ 0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) | x (No. of Pmnts) | = Pmnts on Account of Claim | + (Adq. Prot. from ¶ 3) | = TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| -NONE- | $ | $ | | $ | | | $ | $ | $ |
| a. TOTAL | | | | | | | | | $ 0.00 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. ***The amounts listed are estimates.*** The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. IRS | | | | | |
| b. MN Department of Revenue | | | | | |
| c. Attorney Fees | $ 2,500.00 | $ 213.00 | 1 | 12 | $ 2,500.00 |
| d. TOTAL | | | | | $ 2,500.00 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: -NONE-
The trustee will pay the allowed claims of the following creditors. ***All entries below are estimates.***

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | $ |
| a. TOTAL | | | | | | $ 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ 12,458.00   [line 1(d) minus lines 2, 6(a), 7(a), 8(a), 9(b) and 10(a)].

   a.  The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ 0.00 .

   b.  The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ 78,911.00 .

   c.  Total estimated unsecured claims are $ 78,911.00   [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** —
   *The plan is a step plan which will pay as follows: $237.00 Monthly  for 12  months, then $287.00 Monthly  for 48  months
   Special Intentions:
   HSBC POLARIS RETAIL SERVICES: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim. Creditor shall be allowed an unsecured claim for the deficiency balance owed.

   The debtor(s) shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case and shall be entitled to retain the first $2000.00 plus any earned income credit (EIC) and any additional child tax credit.  Any remaining amounts shall be turned over to the Chapter 13 plan as additional plan payments.

**14. SUMMARY OF PAYMENTS** —

| | |
|---|---:|
| Trustee's Fee [Line 2] | $ 1,662.00 |
| Home Mortgage Defaults [Line 6(a)] | $ 0.00 |
| Claims in Default [Line 7(a)] | $ 0.00 |
| Other Secured Claims [Line 8(a)] | $ 0.00 |
| Priority Claims [Line 9(b)] | $ 2,500.00 |
| Separate Classes [Line 10(a)] | $ 0.00 |
| Unsecured Creditors [Line 11] | $ 12,458.00 |
| **TOTAL [must equal Line 1(d)]** | $ 16,620.00 |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
Robert J. Hoglund 210997
Hoglund, Chwialkowski & Mrozik P.L.L.C
1781 West County Road B
PO Box 130938
Roseville, MN 55113
(651) 628-9929
210997

Signed  /e/ Steven Mueller
STEVEN W MUELLER
DEBTOR